UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE ROSE, individually and on behalf of a class of persons similarly situated,

        Plaintiff,

v.

MEIJER LONG-TERM DISABILITY PLAN and MEIJER, INC., as plan administrator,

        Defendants.

_____/

Case No. 1:05-CV-713

Hon. Richard Alan Enslen

**ORDER**

This matter is before the Court on Plaintiff Wayne Rose's Objections to the administrative record submitted by Defendants in this action brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. §§ 1001-1461. Defendants have responded to Plaintiff's Objections and the Court discerns no reason to hear oral argument. W.D. MICH. LCIVR 7.3(d).

Plaintiff applied for long term disability benefits under a welfare benefit plan ("Plan") sponsored by Defendants and, after an appeal, was denied coverage on August 1, 2005. Plaintiff filed this lawsuit to recover benefits under 29 U.S.C. § 1132(a)(1)(B). As required by the Court's Case Management Order, Defendants filed a copy of the administrative record relied on to deny Plaintiff benefits. Plaintiff's Objections center on the inclusion in the administrative record of four categories of evidence, which are described as:

    1.    The written results of a November 15, 2005 medical examination performed by Orthopedic Surgeon James B. Wessinger (Admin. R. 91-99).

    2.        Plaintiff's cover letter and summons in this lawsuit evidencing service upon Defendants (Admin. R. 100-01).

    3.        Twelve form documents individually titled as "Change of Status" (Admin. R. 102-13).

    4.        The affidavits of Meijer employees Wendell Martin, Cheryl Visscher, Wende Algihire, Monica Kaminski, and Karen Raymond executed on February 6 and 7, 2006 (Admin. R. 233-42).

The Court perceives the essence of Plaintiff's Objections to be: because each of the four categories of evidence originated after the August 1, 2005 denial of benefits, the post-denial materials cannot be considered by the Court and must be excluded from the administrative record. *See Wilkins v. Baptist Healthcare Sys. Inc.*, 150 F.3d 609, 615 (6th Cir. 1998) ("district court was confined to the record that was before the Plan Administrator"); *Killian v. Healthsource Provident Adm'r Inc.*, 152 F.3d 514, 522 (6th Cir. 1998). Defendants agree that pages 91 through 101 of the administrative record (categories one and two) should be excluded. Thus, the Court will grant Plaintiff's Objections on this ground and will not consider pages 91 through 101. Defendants observe, however, that pages 102 through 113 of the administrative record (category three) all bear origination dates before the August 1, 2005 denial of benefits.[1] Having reviewed the same, the Court agrees and will deny Plaintiff's Objection on this ground.

As for pages 233 through 242 of the administrative record (category four), Defendants concede that the employee affidavits post-date the August 1, 2005 denial of benefits, but assert that because Plaintiff has challenged the procedure used in denying his application for benefits, Defendants are permitted to offer evidence related to their benefit claim procedure. *Id.* at 619. The

---

[1] Plaintiff filed a Reply Brief to Defendants' Brief in Opposition but did not challenge Defendants' assertions pertaining to the third category of evidence.

Court agrees.  Plaintiff has charged Defendants with procedural failings, (*see* Pl.'s Compl. ¶¶ 33 & 36), and it is a well established exception that "[t]he district court may consider evidence outside of the administrative record only if that evidence is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part."  *Id.*; *see also Calvert v. Firstar Fin. Inc.*, 409 F.3d 286, 293 n.2 (6th Cir. 2005); *Putney v. Med. Mut. of Ohio*, 111 Fed. Appx. 803, 806 (6th Cir. 2004); *Marks v. Newcourt Credit Group Inc.*, 342 F.3d 444, 458 n.3 (6th Cir. 2003); *Brooks v. Gen. Motors Corp.*, 203 F. Supp. 2d 818, 823 (E.D. Mich. 2002); *Frankenmuth Mut. Ins. Co. v. Wal-Mart Assocs.' Health & Welfare Plan*, 182 F. Supp. 2d 612, 615 (E.D. Mich. 2002); *Lucas v. Challenge Mach. Co. Salaried & Non-Union Employees' Ret. Plan*, 144 F. Supp. 2d 885, 887 (W.D. Mich. 2001).  Thus, because Plaintiff has alleged that Defendants did not employ proper procedure when denying his application for benefits, the Court believes pages 233 through 242 of the administrative record are necessary to resolve his procedural challenge.[2]

Therefore, the Court will **GRANT IN PART** and **DENY IN PART** Plaintiff Wayne Rose's Objections (Dkt. No. 22).  Plaintiff's Objections are **GRANTED** in that he sought to exclude pages 91 through 101 of the administrative record from the Court's review.  Plaintiff's Objections are **DENIED** in all other respects.

DATED in Kalamazoo, MI:    /s/ Richard Alan Enslen
       May 9, 2006                RICHARD ALAN ENSLEN
                                  SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff has cited no precedent or otherwise persuaded the Court that 29 C.F.R. § 2560.503-1 requires a different result.