UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

MICHAEL J. CONNOR and
MARKETING INITIATIVES
INC., a Michigan corporation d/b/a
STRATEGIC MARKETING,

       Plaintiffs,

v.

MICRO INNOVATIONS CORP.,
a New Jersey corporation,

       Defendant.

_____/

Case No. 1:05-CV-713

Hon. Richard Alan Enslen

**OPINION**

This matter is before the Court on Defendant Micro Innovations Corporation's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), or alternatively as an appeal to the Court's discretion to hear requests for declaratory relief. The Motion has been fully briefed and the Court believes oral argument is unnecessary. W.D. MICH. LCIVR 7.2(d). For the reasons set forth below, the Court will deny Defendant's Motion.

**I.    BACKGROUND**

Defendant is a New Jersey corporation that retails computer peripherals and related accessories from its headquarters in Edison, New Jersey. Plaintiff Micheal J. Connor is a Michigan resident and worked for Defendant as a sales consultant from October 1996 to October 2005 from his home in Bellevue, Michigan. Plaintiff Connor was originally hired as Defendant's Director of Sales, but was later promoted to Senior Vice President of Sales and Marketing in the Americas. In this capacity, Plaintiff Connor renovated a portion of his home to serve as his office and purchased a new computer system every year of employment. Defendant would often reimburse Plaintiff

Connor for his computer purchases and agreed to pay him a monthly rent to compensate him for costs associated with his home office.

In 2000, Plaintiff Connor incorporated Plaintiff Marketing Initiatives as a Michigan domestic profit corporation. Plaintiff Marketing Initiatives provided Defendant with additional marketing services—beyond what Plaintiff Connor provided through his employ—under an independent contract. At some point the parties' relationship began to deteriorate. Plaintiff Marketing Initiatives contends that Defendant refused to pay its past due invoices that were owed under their agreement, and thus, it terminated its affiliation with Defendant on October 28, 2005. Plaintiff Connor resigned his position with Defendant the same day. Defendant does not answer that allegation. Rather, it maintains that after the parties went their separate ways, Plaintiffs improperly retained and utilized Defendant's confidential and proprietary business material for their own financial gain.[1]

Still on October 25, 2005 (apparently this was a very busy day), Plaintiff Marketing Initiatives' attorney sent Defendant's Chief Executive Officer a letter advising Defendant that it owed Plaintiff Marketing Initiatives $400,000 and other percentage payments tied to Defendant's value. Defendant responded on November 16, 2005 (through its counsel), and while making no mention of the debt, requested Plaintiff Connor return its confidential and proprietary business information and cease and desist from using or disclosing any of Defendant's confidential information; soliciting Defendant's customers or potential customers; and defaming Defendant. Defendant advised that it anticipated litigating these issues.

---

[1] Defendant considers its confidential and proprietary business material to be the computer system (purchased by Plaintiff Connor and reimbursed by Defendant), customer lists, pricing information, and business plans.

On November 29, 2005, Plaintiffs filed a three-count Complaint against Defendant in Eaton County (Michigan) Circuit Court. In Count I, Plaintiffs allege that declaratory relief is necessary to determine the parties' rights and responsibilities under Plaintiff Marketing Initiatives' independent contract, and Plaintiff Connor's employment agreement, with Defendant. Count II avers that Defendant breached both agreements. In Count III, Plaintiffs charge Defendant with tortiously interfering with a contract or advantageous business relationship (or the expectancy of the same). On January 4, 2006, Defendant removed Plaintiffs' Complaint to this Court on diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a) & 1441.

About a month after Plaintiffs began this suit in Michigan state court, Defendant initiated a lawsuit against Plaintiffs in Essex County (New Jersey) Superior Court (the "New Jersey Action"). In that lawsuit Defendant alleges six counts of liability against Plaintiffs, those being: (1) common law misappropriation; (2) common law breach of loyalty; (3) unfair competition; (4) tortious interference with a prospective economic advantage; (5) conversion; and (6) trademark infringement. Plaintiffs did not remove that case to federal court and it remains pending in New Jersey state court.

## II.     CONTROLLING STANDARDS

The authority to declares a litigant's rights and legal relations under Michigan law is a matter committed to this Court's discretion. MCR 2.605(A); *Allstate Ins. Co. v. Hayes*, 499 N.W.2d 743, 751 (Mich. 1993). Since Michigan Court Rule 2.605(A) and the federal Declaratory Judgment Act, 28 U.S.C. § 2201, are nearly identical, the Court will also look to federal precedent interpreting the Act for purposes of Defendant's Motion. *Cf.* MCR 2.605(A)(1) ("In a case of actual controversy within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought

or granted.") *with* 28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.").

Several factors weigh heavily upon the Court's discretion to declare the rights and other legal relations of the parties. They are:

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for *res judicata*;" (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.[2]

*Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984) (internal citations omitted); *see also AmSouth Bank v. Dale*, 386 F.3d 763, 785 (6th Cir. 2004). With these factors in mind, the Court turns to Defendant's Motion to Dismiss.

### III. DISCUSSION

Defendant contends that "[t]his Court should dismiss Plaintiffs' complaint because it was filed in anticipation of [Defendant's] New Jersey state court action and in a clear attempt to deprive [Defendant] of its choice of a state court forum." (Def.'s Br. 7). In other words, Defendant has focused on the third *Grand Trunk* factor and equates Plaintiffs' behavior to a litigant who anticipates being sued in forum A, and instead of waiting to answer the allegations against him there, promptly files an antecedent lawsuit in forum B and asks that court to declare his actions lawful. Ordinarily,

---

[2] The Court will not consider alternative remedies. *See* MCR 2.605(C) ("The existence of another adequate remedy does not preclude a judgment for declaratory relief in an appropriate case.").

the Court looks upon such posturing or procedural fencing with great suspicion; however, the facts of this case do not fit within the aforementioned scenario.

Although the parties are the same and the relevant time periods may overlap to some extent, these are two separate lawsuits prosecuting distinctly different claims. Plaintiffs' lawsuit, filed in Michigan state court and removed to this Court, seeks recovery on their agreements with Defendant for breaches that occurred before the parties terminated their relationships on October 25, 2005. In temporal contrast, the New Jersey Action seeks redress based on Plaintiffs' conduct occurring after the parties terminated their relationships.

Furthermore, Plaintiff did not race to the courthouse with a defense—framed as a declaratory action—to Defendant's anticipated lawsuit in hand. Plaintiffs filed their own claim against Defendant, independent of Defendant's anticipated lawsuit. Were it the case that Plaintiff rushed to this Court and hurriedly asked the Court to declare the parties' rights and legal relations concerning common law misappropriation, common law breach of loyalty, unfair competition, tortious interference with a prospective economic advantage, conversion, and trademark infringement, Defendant's argument would be well received. However, that situation is simply not before the Court.

Defendant's claims in the New Jersey Action could have probably just as easily been brought as permissive counterclaims in this case, or *vice versa* regarding Plaintiffs' claims in the New Jersey Action. *See* FED. R. CIV. P. 13(b). Even so, there is nothing wrong with the same parties litigating two different lawsuits at the same time and there is no danger of this Court's adjudication of Plaintiffs' claims operating as *res judicata* in the New Jersey Action.

As for the remaining factors, declaring the parties' rights and relations concerning Plaintiff Marketing Initiative's independent contract, and Plaintiff Connor's employment agreement with Defendant will settle the controversy, serve a useful purpose, and would not encroach on state court jurisdiction. Given such, the balance of the *Grand Trunk* factors tempering this Court's discretion to hear Plaintiffs' request for declaratory relief decidedly tips in favor of exercising jurisdiction.[3]

**IV.    CONCLUSION**

Therefore, the Court will deny Defendant Micro Innovations Corp.'s Motion to Dismiss. An Order consistent with this Opinion shall enter.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>May 19, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |

---

[3] Moreover, even if the Court found that the balance of factors did not favor adjudicating Plaintiffs' request for declaratory relief, Plaintiffs alleged two other causes of action seeking non-declaratory relief. Jurisdiction is satisfied and mandatory as to those claims.