UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

WAYNE ROSE, individually and on
behalf of a class of persons similarly
situated,

          Plaintiff,

v.

MEIJER LONG-TERM
DISABILITY PLAN and
MEIJER, INC., as Plan Administrator,

          Defendants.
_____/

Case No. 1:05-CV-713

Hon. Richard Alan Enslen

**OPINION**

      This matter is before the Court on Defendants Meijer Long-Term Disability Plan and Meijer, Inc.'s Motion to Apply Arbitrary and Capricious Standard of Review. Plaintiff and Defendants were unable to stipulate to the correct and applicable standard of review for an Administrative Decision for a Claims for Benefits within the purview of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 *et seq*. The Court turns to this question now.

**I.    BACKGROUND**

      Plaintiff is seeking recovery of long-term disability benefits from Defendants pursuant to § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B). Plaintiff was originally seeking class-wide relief, alleging a scheme created by Defendants to deny employees benefits under the Meijer Long-Term Disability Plan ("the Plan") by classifying its employees as hourly employees and then denying them benefits after such classification because only salaried employees are eligible for long-term

benefits under the Plan.[1]

Plaintiff went on short-term disability on October 26, 2004, at which time he held the salaried position of "Unassigned Team Leader." On January 23, 2004, Plaintiff signed an "Unassigned Team Leader Agreement" whereby he agreed that he would remain "unassigned" for no more than one year. If Plaintiff did not secure a position, by application, within the year, one would be assigned to him. On January 6, 2005, an Independent Medical Examination diagnosed Plaintiff as having permanent limitations. Defendants then offered Plaintiff a permanent placement in the position of a "greeter," which, although an hourly position, met these permanent work restrictions. Defendants informed Plaintiff that a "permanent placement" was different than "recuperative employment" as defined under the Plan and notified him that as an hourly employee, he would no longer be eligible to receive benefits under the Plan. Plaintiff appealed his denial of long-term benefits.

## II.  LEGAL STANDARD

A challenge under § 1132(a)(1)(B) to the denial of benefits, is to be reviewed under an arbitrary and capricious standard where the plan gives the administrator or fiduciary discretionary authority to determine benefits. *Firestone Tire & Rubber v. Bruch*, 498 U.S. 101, 115 (1988); *see also Wilkins v. Baptist Healthcare Sys.,* 150 F.3d 609, 613 (6th Cir. 1998); *Borda v. Hardy, Lewis, Pollard & Paige, P.C.*, 138 F.3d 1062, 1066 (6th Cir. 1998). As the Supreme Court reasoned,

> the validity of a claim to benefits under an ERISA plan is likely to turn on the interpretation of terms in the plan at issue. Consistent with established principles of trust law, we hold the plan is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine

---

[1]Plaintiff has now submitted a Request for Withdrawal of Class Status Except as it Applies to Prospective Relief (Dkt. No. 52) as Plaintiff could not identify any other class members who requested and were denied proper appeal as required under the plan or who received improper notice under the Plan.

eligibility for benefits or to construe the terms of the plan.

*Id*. Decisions of an administrator or fiduciary of the plan "must be upheld under the [arbitrary and capricious standard], if 'rational in the light of the plan's provisions.'" *Borda*, 138 F3d at 1066, *quoting Miller v. Metro. Life Ins. Co.*, 925 F.2d 979, 984 (6th Cir. 1991).

### III.   DISCUSSION

Defendants argue that the applicable standard of review in this action is the arbitrary and capricious standard set forth in *Firestone*. 498 U.S. at 115. Defendants claim that because the Plan provides discretionary authority to the Plan Administrator, the arbitrary and capricious standard is triggered. Defendants support this claim by citing to the language and the list of responsibilities of the Plan Administrator. (Defs.' Mot. 7.) The Plan states that the Plan Administrator has responsibility for the general administration of the Plan and also has discretionary authority in the areas of: maintaining records, interpreting terms and provisions of the Plan, deciding questions of eligibility for participation and questions of eligibility for disability benefit payments, administering the appeal procedure, and delegating specific responsibilities for the operation and administration of the Plan to team members or agents. (Defs.' Mot. 7.) Defendants also argue that all procedures established by the Plan were followed, including that Plaintiff's appeal was handled by a different individual who was not the subordinate of the individual who denied the original claim.

Plaintiff does not dispute the relevant and binding case law regarding the application of the arbitrary and capricious standard. Plaintiff also does not dispute Defendants' claim that the Plan's procedures were followed. Rather, Plaintiff contends that a *de novo* standard of review should be applied because the decision to revoke benefits was made by an unauthorized body which did not have fiduciary discretion under the Plan. *See Sanford v. Harvard Indus.*, 262 F.3d 590, 597 (6th Cir.

2001). Plaintiff argues that the Human Resources Department at Meijer made the decisions regarding the transfer of status of formerly qualified salaried workers to permanently placed hourly workers and by so doing, made determinations regarding eligibility. Further, Plaintiff claims because Defendants' created a scheme or plan to denied qualified individuals their benefits, this action does not fit within the framework of the arbitrary and capricious review standard. Plaintiff cites no authority for this assertion.

In *Sanford*, the Sixth Circuit held the *de novo* standard of review applied where the proper procedures under the Plan were not followed and a body without authority decided to revoke an employee's benefits. *Id*. Although Plaintiff has alleged similar circumstances, Plaintiff's arguments lack support from the factual record. Defendants were correct to point out that, although Plaintiff states deposition testimony reveals the Human Resource Department made decisions affecting eligibility, there is no citation to this record. Defendants also cite to contradicting deposition testimony, where an employee states a physician makes the determination of permanent or recuperative placement rather than Human Resources. (Defs.' Reply 4.) Further, Defendants satisfied the requirement set forth under *Firestone*, as the Plan granted discretionary authority for determining eligibility to the Plan Administrator. There is simply no factual support for the premise that Defendants' created a scheme to deny benefits, and this scheme was a result of self-dealing and bias.[2] Therefore, the Court finds the arbitrary and capricious standard applicable.

---

[2]The Court notes Defendants reviewed its files in compliance with an informal discovery request and found no other employees who were receiving short-term disability that were permanently placed in hourly positions other than Plaintiff.

**VI.    CONCLUSION**

For those reasons, the Court finds that the applicable standard of review is "arbitrary and capricious" in accordance with clear precedent and Defendants' Motion will be granted. In making this decision, the Court expresses no opinion about the merits of the controversy other than the standard of review to be applied. An Order consistent with this Opinion will issue.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>October 11, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |