UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

WAYNE ROSE,

        Plaintiff,

Case No. 1:05-CV-713

v.

Hon. Richard Alan Enslen

MEIJER LONG-TERM
DISABILITY PLAN and
MEIJER, INC., as Plan Administrator,

**ORDER**

        Defendants.
_____/

This matter is before the Court on Defendants' Motion for Reconsideration of the Court's Order of October 30, 2006, which granted Plaintiff Wayne Rose's request for withdrawal of class status except as it applies to prospective relief. Defendants file this Motion in accordance with Federal Rules of Civil Procedure 60(b)(1) and (6).

Under Rule 60(b)(1), a court may relieve a party from an order for mistake, inadvertence, surprise, or excusable neglect. FED. R. CIV. P. 60(b)(1). Defendants assert that the Court was unable to consider its response to Plaintiff's motion for withdrawal of class status except as it applies to prospective relief as it was filed the same day the Court issued its Order granting Plaintiff's Motion. The Court agrees that Defendants' Response crossed with the Court's Order such that it was not considered. As such the Court now considers the Response and grants the Motion.[1]

Defendants correctly assert that Plaintiff failed to submit any proof to the Court of any person who may be similarly situated to Plaintiff. It is noted Plaintiff appears to rely on testimony of Cheryl

---

[1] As the Court will grant this motion based on Rule 60(b)(1), it is unnecessary to address relief under Rule 60(b)(6).

Visscher and Monica Kaminski in establishing that such an adverse policy exists. (Pl.'s Mot. at 2.) However, as Plaintiff failed to mention in his Motion, Ms. Kaminski has since modified her answer, under oath, in light of Defendants' discovery that no such similarly situated persons exist. (Defs.' Resp., Ex. 2.) Further, although Plaintiff appears to rely on a statement made by Ms. Visscher to further support the claim of an adverse policy, Plaintiff has failed to quote those pertinent statement(s) or attach the pertinent section of the deposition to any of his pleadings.[2]

Therefore, the Court finds where Plaintiff has not offered any credible proofs that any other similarly situated individuals exist and has admitted that class status is not supportable, the Court will modify its previous Order and strike the language allowing for prospective relief. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Reconsideration (Dkt. No. 60) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court's Order of October 30, 2006 (Dkt. No. 59) shall be modified such that the language "except as it applies to prospective relief" will be struck from the Order.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>January 8, 2007 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |

---

[2]Also, the Court notes that Plaintiff has never alluded to Ms. Visscher's testimony lending support to this theory, despite previously asserting in his response to Defendants' Motion to Apply Arbitrary and Capricious Standard of Review that Ms. Kaminski's testimony did support the conclusion that Meijer had established a practice to deny persons their long-term disability benefits. (*See* Defs.' Resp. at 2-3.)

2