UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

WAYNE ROSE,

        Plaintiff,

Case No. 1:05-CV-713

v.

Hon. Richard Alan Enslen

MEIJER LONG-TERM
DISABILITY PLAN and
MEIJER, INC., as Plan Administrator,

**ORDER**

        Defendants.
_____/

        This matter is before the Court on Plaintiff Wayne Rose's Motion for Reconsideration of the Judgment of January 22, 2007 finding for Defendants. Plaintiff moves pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). Pursuant to Federal Rule of Civil Procedure 59(e), Plaintiff's Motion must clearly either establish a manifest error of law, present newly discovered evidence, indicate an intervening change in controlling law, or demonstrate a manifest injustice. *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). However, motions under Rule 59(e) are not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citations omitted). Plaintiff has also moved under Rule 60(b)(1) for relief. Under Rule 60(b)(1), a court may relieve a party from an order for mistake, inadvertence, surprise, or excusable neglect. FED. R. CIV. P. 60(b)(1).

        Plaintiff asserts the Court committed factual and legal errors that should result in the alteration of the Judgment. First, Plaintiff argues that the Court erred in finding that Plaintiff did not received the requisite six months of qualifying short-term disability to be eligible for long-term disability benefits ("LTD benefits") under the Plan. It is duly noted that Plaintiff did in fact receive

six months of short-term disability; however, it is also true that on the date that Plaintiff became ineligible for LTD benefits (when he accepted the hourly position of Greeter, and his employment status changed), he had only been on short-term disability for four months. Therefore, the Court finds that this "error" does not affect its Judgment or analysis.

Plaintiff also challenges the Court's reliance on the Summary Plan description rather than the Plan itself, and asserts that under the Plan, Defendant's decision was arbitrary and capricious. It is noted the language the Court relied upon in the Plan Summary, stating that a participant is no longer eligible for LTD plan coverage "the day of the month after you transfer to an employment classification not covered by this LTD plan" (Administrative Record ("AR") 181), and the Plan language "[a] Team Member will cease to be a Participant in the Plan on the first day of the calendar month following his transfer to an employment classification which is not eligible to participate in the Plan" (AR 205), are in fact identical. Further, the Court did, in fact refer and rely upon the Plan language in its Opinion. (*See* Op. 6.) In light of this, the Court finds Plaintiff's argument that it relied erroneously upon the Plan Summary language to be unfounded.

To the extent Plaintiff argues the hourly position was "recuperative employment" under the Plan which did not affect his eligibility for LTD benefits, such an argument was previously made, and previously failed. (Op. 6.) Plaintiff also argues because Defendant had a choice to offer Plaintiff a recuperative position, its decision to follow the express provisions of a previously executed employment contract was arbitrary and capricious. Not only is such a decision rational in respect to the execution of the "Unassigned Team Leadership Agreement," but under the Plan recuperative employment "cannot be permanent" in nature. (AR 182.) In the instant case, Plaintiff had permanent physical restrictions and Defendant offered Plaintiff a permanent position; therefore,

such a position cannot be construed as recuperative under the Plan.[1]  Where Plaintiff is merely rearguing his case, and has not shown mistake or inadvertence by the Court, relief under Rule 59(e) or Rule 60(b) is not appropriate. *Engler*, 146 F.3d at 374 (citations omitted).  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Wayne Rose's Motion for Reconsideration (Dkt. No. 68) is **DENIED**.

DATED in Kalamazoo, MI:  
    February 20, 2007

    /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff also argues the Court's finding that Defendant's placement of Plaintiff in the Greeter position complied with his physical restrictions.  The Court finds this argument overlooks the actual language of Dr. Ellis' opinion, in which he indicated "[Plaintiff] may be able to work in a sedentary job, but will need to get up and move about every fifteen to thirty minutes." (AR 22-25.)  Therefore, Defendant's placement was not unfounded.

3